[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7782
The plaintiff, 37, whose birth name is Farrell, and the defendant, 42, married on November 15, 1986 in New Canaan, Connecticut.
The allegations of the complaint were found proven and true on September 27, 1996 at which time the court entered a decree dissolving the parties' marriage with an order restoring the plaintiff's birth name. Financial orders were reserved.
The plaintiff married the defendant with full knowledge that the defendant had a problem with the consumption of alcoholic beverage. She testified he had a drinking problem ". . . ever since I've known him." The plaintiff worked for the same company throughout the marriage, currently earning $39,300 annually.
The defendant worked for Pauley Tree Care throughout the marriage until terminated on July 26, 1996, earning $33,100 in 1995.
For several years the plaintiff tolerated the behavior of the defendant precipitated by his intoxication. She also acknowledged being a moderate drinker of alcoholic beverages, estimating that she became intoxicated about 100 times over 10 years.
The marriage deteriorated during the last four years with the plaintiff leaving the family home on September 29, 1995. She resides at her grandmother's.
During the marriage the plaintiff cared for the defendant's father during his final illness. Beginning in 1992 she shopped for him, took him to doctors' offices, did his banking and cleaned his house. She stopped these activities after leaving the defendant. The defendant's father died testate on July 21, 1996. The New Canaan Probate Court has admitted the January 30, 1996 will to probate and the defendant is serving as executor (Plaintiff's Exhibits #1 and #2). He is the principal legatee, and, after taxes and expenses, the residue is valued at $1,437,000 mostly invested in securities. The defendant's other assets consist of a 1994 truck and bank accounts of about $10,000.
The plaintiff has a pension plan, a 401k account, a Honda Civic valued at $13,675 subject to a loan lien of $9,955, jewelry CT Page 7783 and personal effects valued at $3,500, and 118 shares of Cowles Media valued at $3,130. Her debts total $1,500.
The plaintiff seeks a substantial portion of the defendant's inheritance.
The elements of Section 46b-81, Conn. Gen. Stat. must be considered in evaluating the evidence to determine the orders assigning property.
1. Length of marriage. The parties were together for nine years.
2. Cause for the dissolution. The defendant's alcoholism, although well known to the plaintiff before the marriage, eroded the bond of matrimony. The parties had no common interests, nor a shared group of friends. The plaintiff's imbibing of alcohol during the marriage did not help the defendant address his illness. They shared little intimacy during their last two years together. The court finds that the marriage failed due to several causes, not just the defendant's drinking.
3. Age. The plaintiff is age 37 and the defendant is 44.
4. The plaintiff's health appears to be generally good, although she testified to various complaints. The defendant's health appears to be generally good. No expert medical testimony was offered by either party.
5. Station. As expressed by the defendant, he was in the blue collar class while she was in the white collar class. The court finds that to be accurate.
6. Occupation. The plaintiff is an office manager while the defendant worked for a tree care company.
7. Amount and sources of income. The plaintiff has demonstrated her ability to progress income at her employment. The defendant has skills that limit his progress. However, he now has substantial unearned income from his inheritance. The plaintiff has no such prospects.
8. Vocational skills. The plaintiff appears to have the greater skills. CT Page 7784
9. Employability. The plaintiff's employability record is unblemished. The defendant has physical skills appropriate to his past work history.
10. Estate. The defendant's inheritance is discussed above.
11. Liabilities. The plaintiff has a car loan and two charge cards, all totaling $11,500. The defendant has none.
12. Needs of each party. Neither party has shown any unusual needs.
13. Opportunity for future acquisition of capital assets and income. Neither party demonstrated any opportunity for future acquisition.
14. Contribution of each party in the acquisition, preservation or appreciation in value of their respective estates. The plaintiff has a vested pension, an encumbered auto and miscellaneous other assets as outlined above. The defendant contributed nothing to his father's estate. As to the plaintiff's help rendered the defendant's father, that cannot be settled in this action. If the plaintiff is seeking compensation, her claim must be addressed to the executor and decided in the probate court.
This court's function is to fashion an equitable set of orders. To that end, the following orders are entered.
1. The plaintiff is awarded $100,000 payable in 60 days by the defendant.
2. The defendant is ordered to pay the remaining balance on the Honda loan and to pay the plaintiff $1,500 to allow her to liquidate her two charge cards. The plaintiff shall own the car free and clear of lien.
3. The defendant shall pay the plaintiff $10,000 as an allowance to prosecute, also due in 60 days.
4. The plaintiff is awarded ownership of her china, her dresser, her desk, and her books still at the defendant's premises. The parties shall arrange for a mutually convenient delivery. CT Page 7785
5. The plaintiff is awarded $1 per year periodic alimony until her remarriage, the death of either party, or further court order.
Counsel for the plaintiff shall prepare the judgment.
HARRIGAN, JUDGE